UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF FLEET BOATS, LLC ET AL. | * | CIVIL ACTION NO. 22-2591 |
| | * | |
| | * | SECTION: "P"(1) |
| | * | |
| | * | JUDGE DARREL JAMES PAPILLION |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

ORDER

Before the Court is the Motion to Quash the Deposition of Gary Poirrier, for Protective Order, and Sanctions. (Rec. Doc. 116). The deposition of Mr. Poirrier was noticed by Terrance Dorsey in a state court action by Mr. Dorsey against Associated Terminals, LLC, arising out of the same incident at issue in this limitation action by Fleet Boats, L.L.C. and Turn Services, L.L.C. Mr. Dorsey is also a claimant in this limitation action. In August 2023, Mr. Dorsey sought to depose Mr. Poirrier in this federal action, but the undersigned denied his motion to compel, finding that Mr. Poirrier's testimony was irrelevant and that even if it might be relevant, it was not proportional to the needs of the case. (Rec. Doc. 86). Mr. Dorsey appealed that decision to the District Court, which has not yet ruled. Fleet and Turn, joined by Associated, argue that Mr. Dorsey is circumventing this Court's order by noticing Mr. Poirrier's deposition in the state court action. They argue that Mr. Dorsey intends to use the testimony of Mr. Poirrier in this litigation. They insist that this Court should use its jurisdiction over Mr. Dorsey to prohibit him from deposing Mr. Poirrier. They also ask the Court to issue sanctions.

1

Mr. Dorsey argues that Mr. Poirrier's testimony is relevant.[1] He insists he has no choice but to proceed with the Poirrier deposition now because his trial in the state court action is set for May 14, 2024.

Fleet, Turn, and Associated have not supplied a legal basis for this Court to interfere in the state court litigation. They argue merely that this Court's jurisdiction over Mr. Dorsey's claim against Fleet and Turn in this limitation empowers the Court to enjoin him from deposing Mr. Poirrier in the state proceeding. But they cite no authority to support their position. This Court's review of the case law indicates that it must consider whether to issue orders concerning the state court litigation under the All Writs Act and the Anti-Injunction Act. See United States ex rel. Grubbs v. Kanneganti, No. 1:05-cv-323, 2007 WL 9718264 (E.D. Tex. June 4, 2007); Newby v. Enron Corp., 338 F.3d 467 (5th Cir. 2007).

"Together the All Writs Act and the Anti–Injunction Act govern whether it is proper for a federal court to enjoin pending state court litigation." Newby, 338 F.3d at 473. The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Anti-Injunction Act provides that the federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, injunctive relief may be warranted "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 295 (1970).

---

[1] The Court will not reconsider its previously findings regard relevance in the context of this motion and does not address the parties' competing arguments on that point here.

For example, in Grubbs, the federal district court denied a motion to quash a notice of deposition of a doctor in state court litigation under the All Writs Act and the Anti-Injunction Act even though the federal court had previously quashed the same doctor's deposition in the federal case. 2007 WL 9718264, at *4. The court observed that its order quashing the doctor's deposition in the federal litigation was not injunctive in nature and did not purport to issue any directive concerning the state proceedings. Id. at *3. The court found that the doctor seeking to quash the state deposition had not established that it would be detrimental to the federal court's jurisdiction or interfere with bringing the federal jurisdiction to its conclusion. Id. The court finally observed that federal courts are courts of limited jurisdiction. Id.

But in Newby, the Fifth Circuit found that the case fit within the exceptions of the Anti-Injunction Act. 338 F.3d at 474. There, the federal multi-district litigation centralized fifty-four related federal civil cases, and approximately forty more cases were subject to conditional transfer orders. Id. The Fifth Circuit affirmed the district court's findings that the plaintiffs' state court motions for temporary restraining orders concerning destruction of records and freezing of assets were essentially duplicates of motions pending (or already resolved) before the federal court. Id. at 475. The court of appeals found there was a danger of both duplicate and inconsistent injunctive relief that could expose the defendants to serious risk. Id. The court of appeals observed that the district court's injunction prohibiting the plaintiffs from seeking any temporary restraining orders in the state proceeding without permission of the district court was narrowly tailored to address the threat and held that the district court had authority to issue it. Id. at 476.

In this federal case, the undersigned has denied Mr. Dorsey's motion to compel the deposition of Mr. Poirrier. Applying the standards applicable under the Federal Rules of Civil Procedure, the Court found that Mr. Poirrier's testimony was irrelevant and that, even if it was

relevant, his deposition was disproportionate to the needs of the case considering that Mr. Dorsey had been able to depose the corporate representatives of Turn, Fleet, and Associated. The Court finds this case is more like Grubbs than Newby. This Court's discovery order did not amount to a protective order that extended to the state court litigation. And as Mr. Dorsey points out, the order is on appeal and may yet be reversed. To the extent the state court will not quash the deposition of Mr. Poirrier, the Court does not find that its ability to manage this federal litigation is hindered. It is a given that a parallel state court proceeding will result in some inefficiencies in discovery. Moreover, Mr. Dorsey represents that he will stipulate not to use the Poirrier deposition testimony in this limitation action. This further bolsters the Court's conclusion that the state court deposition will not impair this Court's authority or ability to decide the case before it. Turn, Fleet, and Associated have not established that enjoining the deposition of Mr. Poirrier in the state court litigation is necessary in aid of this Court's jurisdiction.

Accordingly, IT IS ORDERED that the Motion to Quash the Deposition of Gary Poirrier, for Protective Order, and Sanctions (Rec. Doc. 116) is DENIED. Mr. Dorsey shall issue the proposed stipulation that the Poirrier deposition testimony will not be used in this limitation action.

New Orleans, Louisiana, this 9th day of November, 2023.

                                                    _____
                                                      Janis van Meerveld
                                               United States Magistrate Judge